The opinion was delivered at the October term 1852.
Shaw, C. J.
The bill of exceptions in this case is unsatisfactory, because it leaves in doubt several facts, which seem material to the case.
We understand that the premises, on which the trespass is assigned, were about an acre of land, part of a larger estate, formerly belonging to Jedediah Marcy, deceased; and that Jedediah, the elder, devised one undivided third of the estate to Abigail his wife, and the residue to his children. The one third to the wife is not stated, in terms, to be for life; but it is said “ the use of an undivided thud part,” and no words of limitation; and therefore we assume, that the one thud to Abigail was for her life. It is stated, that the plaintiff proved title in himself, by deeds from all the other heirs and devisees, except Abigail the widow, to all the devised estate, except a small parcel, not claimed by the defendant, and not now in controversy. He then obtained title, to the estate in controversy, as part of the whole, subject to the estate of his mother, whether for life or in fee. It does not appear that any partition was ever made.
Of course, Jedediah the plaintiff, was tenant in common with his mother of the entire estate, including the acre in question, during her life; whether she was devisee for life, or in fee.
The bill of exceptions then states that the defence opened was, that the plaintiff sold the premises to his mother previous to 1826, and that she occupied the same till her decease. The sale being of. an interest in real estate, by a settled rule of law *9 no such sale and conveyance could be proved but by deed. It does not appear that the defendant professed to rely on a deed lost by time and accident; but it may be inferred, from the tenor of the evidence which was offered and relied on, that such was the nature of the defence. Such a lost deed can be proved only by a possession, adverse, exclusive, uninterrupted, and continued such a length of time, as to warrant a presumption that there must have been a conveyance, which time is now understood to be not less than twenty years, against a party not under a disability. If such is a true view of the facts, it seems difficult to perceive, what foundation the defendant laid for proof of a lost deed.
If Mrs. Marcy the widow, afterwards Mrs. Healy, was tenant in common with the plaintiff, as she was if there had been no partition, then her holding was consistent with her title, and her possession was not adverse. If, as there was evidence tending to prove, the plaintiff occupied part of the premises in 1830 and 1831, then that possession of the widow was not exclusive. If it became exclusive in 1830 or 1831, and terminated in 1848, it did not continue twenty years. But whatever the evidence was, tending to establish the presumption of a lost deed, it was parol evidence; and then her acts and declarations, tending to show that no such deed was ever given, were evidence tending to rebut the presumption, and therefore competent.
We are then to come to the particular exceptions stated in the bill. According to the view which the court take of the uncontested facts, the points on which the exceptions turn would not seem to be material; but, from the manner in which the cause went to the jury, they may have been, and probably were, quite material, and had a controlling influence in producing the verdict.
The first arises upon the testimony of Ammidown. The object was to show that the mother had built a house on this part of the estate, and was in possession of it, by the occupation of the same by her son Joseph and his family, with her permission. The fact that she built a house upon it, under the circumstances, does not go far to prove that she owned oi *10 believed she owned the estate in fee; because her husband’s children and grandchildren, entitled to the estate in remainder, expectant on the termination of her life estate, were her own heirs at law; and any improvements made in the estate, at her expense, would inure to then- benefit, as if she had given them so much by will. But the particular exception to Ammidown’s testimony was this: He was asked what he had
heard Joseph say upon the land, as to how he occupied. This was objected to as hearsay. We are of opinion, that this question was admissible as res gestee. It is true that this was a declaration only, and consisted in words; but they were words qualifying his acts of possession and in disparagement of his own title, so far as that circumstance is of importance: Peaceable v. Watson, 4 Taunt. 16; and they tended to show that his occupation was not in his own right, but in right of his mother. 1 Greenl. Ev. § 109. This testimony falls under the remark already made, that the evidence would seem immaterial, because it could only tend to prove the mother’s possession. If that possession was not adverse, it did little to advance the defence.
2. The next exception arises from a question and answer in the deposition of Eliza Lyon. She was asked,—after a statement of a conversation, in which the plaintiff was asked if he had not received pay for the land, and he said he had,—what land she understood the conversation to refer to, and this was objected to, but admitted. From the form in which this question was put and allowed, after exception, and with her other testimony, the court are of opinion that it was not admissible. It was not limited to what the witness understood, from the conversation itself, all of which she stated; and for aught that appears, it was simply her own supposition, belief, or understanding, formed, indeed, at the time of the conversation, perhaps from other sources, but from no other part of the conversation, than that stated, which has no such reference.
3. It is further stated that the defendant gave in evidence the will of Mrs. Healy, formerly Mrs. Marcy, the widow of Jedediah, by which, as we infer, for it is not stated, she devised this estate in fee to her grandchildren, the children of Joseph, *11 under whom the defendants claim. It does not appear whether she was a widow, or if so, widow a second time when this will was made. Taken in connection with proof of title in her from other sources, this will might have been competent evidence, to prove the chain of title, under which the defendant claims. But, as evidence of title to any estate of inheritance in her, it seems difficult to perceive how it could be applied. But it does not appear, for what purpose it was admitted, or whether it was specifically objected to, or admitted with any limitation as to its application. Without deciding whether it was competent, for any purpose, we are of opinion, that if it was admitted as a declaration of hers, in assertion of some title in fee which she could devise, it should have been taken with all her declarations of her intent to alter her will, and her reasons for it, and this would have made the evidence offered by the plaintiff, respecting the number of her children and grandchildren, relevant and competent. We are of opinion, therefore, that the rejection of this evidence, in the posture of the cause, and under the circumstances of the case, was incorrect.
The bill of exceptions is the less satisfactory, and perhaps less intelligible, because no statement is made of the view of the law, as taken by the court, and the instructions given to the jury. As they were not excepted to, we are of course to presume that they were correct; but it renders it more difficult to ascertain the precise grounds, on which evidence was admitted and rejected.
As the report stands, we think two of the exceptions were well taken, and therefore that the verdict must be set aside, and a new trial ordered. New trial in this court.